1 BINGHAM MCCUTCHEN LLP
  Stacy W. Harrison (SBN 175028)
2 Patrick Allen (SBN 268130)
  The Water Garden
3 Fourth Floor, North Tower
  1620 26th Street
4 Santa Monica, CA 90404-4060
  Telephone: 310.907.1000
5 Facsimile: 310.907.2000
  Email: stacy.harrison@bingham.com
6
7 Attorneys for Defendants
  HARTFORD LIFE AND ACCIDENT
8 INSURANCE COMPANY; HARTFORD
  INSURANCE COMPANY OF ILLINOIS;
9 HARTFORD INVESTMENT
  MANAGEMENT COMPANY

10          UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA

12

13 EAG Properties, LLC,                    Case No.    **SACV10-1701 AG(RNBx)**

14            Plaintiff,                   **NOTICE OF REMOVAL OF CIVIL
                                           ACTION PURSUANT TO 28 U.S.C.
15    v.                                   SECTIONS 1332 AND 1441**

16 Hartford Life and Accident Insurance
   Company; Hartford Insurance
17 Company of Illinois; Hartford
   Investment Management Company;
18 and Does 1 through 10, inclusive;

19            Defendants.

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED ON RECYCLED PAPER

NOTICE OF REMOVAL OF CIVIL ACTION

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that Defendants Hartford Life and Accident

3  Insurance Company, Hartford Insurance Company of Illinois and Hartford

4  Investment Management Company (collectively, "Defendants"), by and through

5  their counsel, file this Notice of Removal to remove the state court action

6  described below to the United States District Court, Central District of California,

7  Southern Division, under 28 U.S.C. section 1332(a), based on the Court's diversity

8  jurisdiction. In support of the removal of the action, Defendants state as follows:

9    **JURISDICTION AND ASSIGNMENT TO COURT**

10    1.    This is a civil action over which this Court has original

11  jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this

12  Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that

13  there is complete diversity of the parties, no defendant is a resident of the forum

14  state and the amount in controversy exceeds $75,000, exclusive of interest and

15  costs.

16    2.    Plaintiff alleges and prays for an award in excess of

17  $879,246.16.  Complaint, Prayer for Relief, ¶ A.  As such, the amount in

18  controversy, exclusive of interests and costs, exceeds the $75,000 threshold for

19  federal jurisdiction.

20    3.    Plaintiff alleges, and evidence shows, that Plaintiff EAG

21  Properties, LLC ("Plaintiff") is a limited liability company organized and existing

22  under the laws of the State of California.  Complaint, ¶ 1.  Additionally, on

23  information and belief, Defendants allege Plaintiff's principal place of business is

24  in California, as that is the state where its principals direct, control and coordinate

25  Plaintiff's business.  *Id.*; *Hertz Corp. v. Friend*, 130 U.S. 1181, 1186 (2010).  As

26  such, for jurisdiction purposes, Plaintiff is a resident of California.

27    4.    Defendant Hartford Life and Accident Insurance Company

28  ("HLAI") is a corporation organized and existing under the laws of the State of

1

1   Connecticut. HLAI's principal place of business is in Hartford, Connecticut,

2   where its corporate headquarters are located and where its officers direct control

3   and coordinate the corporation's activities. Declaration of Steven Kalmin, filed

4   concurrently herewith ("Kalmin Decl."), ¶ 2. As such, for jurisdiction purposes,

5   HLAI is a resident of Connecticut. *Hertz Corp.*, 130 U.S. at 1186.

6          5.     Plaintiff alleges, and evidence shows, that defendant Hartford

7   Insurance Company of Illinois ("HICI") is a corporation organized and existing

8   under the laws of the State of Illinois. HICI's principal place of business is in

9   Aurora, Illinois, where its corporate headquarters are located and where its officers

10  direct control and coordinate the corporation's activities. Kalmin Decl., ¶ 3.As

11  such, for jurisdiction purposes, HICI is a resident of Illinois. *Hertz Corp.*, 130 U.S.

12  at 1186.

13         6.     Plaintiff alleges, and evidence shows, that defendant Hartford

14  Investment Management Company ("HIMCO") is a corporation organized and

15  existing under the laws of the State of Delaware. HIMCO's principal place of

16  business is in Hartford, Connecticut, where its corporate headquarters are located

17  and where its officers direct control and coordinate the corporation's activities.

18  Kalmin Decl., ¶ 4. As such, for purposes of diversity jurisdiction, HIMCO is a

19  resident of Delaware and Connecticut. *Hertz Corp.*, 130 U.S. at 1186.

20         7.     Based on the foregoing, this Court has original jurisdiction to

21  hear this case pursuant to 28 U.S.C. § 1332(a) and removal is appropriate pursuant

22  to 28 U.S.C. § 1441.

23         8.     Assignment to this Court is proper because the civil action is

24  being removed from the Superior Court of California, County of Orange.

25                          **STATE COURT ACTION**

26         9.     On September 21, 2010, Plaintiff filed this action in the

27  Superior Court of California, County of Orange, Case No. 30-2010-00409918-CU-

28

2

DOCUMENT PREPARED ON RECYCLED PAPER

NOTICE OF REMOVAL OF CIVIL ACTION

1    BC-CJC.  A copy of the file in the state court matter is attached hereto as Exhibit

2    A.

3            10.    On September 23, 2010, Defendants were first delivered a copy

4    of the Complaint through their attorneys, who accepted email service of the

5    Summons and Complaint on their behalf as of October 8, 2010.  A copy of the

6    email acknowledgement of service is attached hereto as Exhibit B, and as Exhibit 1

7    to the Declaration of Stacy W. Harrison, filed concurrently herewith ("Harrison

8    Decl.").  No further proceedings have been had.  Harrison Decl., ¶ 3.

9                    **COMPLIANCE WITH 28 U.S.C. SECTION 1446**

10           11.    Pursuant to 28 U.S.C. § 1446(a), copies of all documents

11   received by Defendants' counsel in the state court action are being filed with this

12   Notice of Removal.

13           12.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is

14   being filed within 30 days of the service on Defendants of the pleadings setting

15   forth the claim for relief upon which the state court action is based.

16           13.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly

17   provide written notice of the removal of the state court action to Plaintiff, through

18   its attorneys of record, and to the Superior Court of the State of California, County

19   of Orange.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28

DOCUMENT PREPARED ON RECYCLED PAPER

NOTICE OF REMOVAL OF CIVIL ACTION

A/73548593.1/3000391-0000339806

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREFORE, Defendants respectfully request that this case be removed from the Superior Court of the State of California, County of Orange to the United States District Court, Central District of California, for final determination.

DATED: November 4, 2010

Bingham McCutchen LLP

By: _____

Patrick Allen
Attorneys for Defendants
Hartford Life and Accident Insurance
Company; Hartford Insurance Company
of Illinois; and Hartford Investment
Management Company.

DOCUMENT PREPARED ON RECYCLED PAPER

4

NOTICE OF REMOVAL OF CIVIL ACTION

A/73548593.1/3000391-0000339806

# EXHIBIT A

| | |
|---|---|
| 1 | COONTZ & MATTHEWS LLP |
| | M. Stephen Coontz, SB #47614 |
| 2 | Milburn A. Matthews, SB #106036 |
| | 30448 Rancho Viejo Road, Suite 120 |
| 3 | San Juan Capistrano, CA 92675 |
| | Telephone: (949) 240-3040 |
| 4 | |
| 5 | Attorneys for Plaintiff |
| | EAG Properties, LLC |
| 6 | |

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 21 2010

ALAN CARLSON, Clerk of the Court

BY  S. HERRERA-WILSON

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10                                                    30-2010

11  EAG Properties, LLC,                    )  Case No.
                                            )  Judge         00409918
12              Plaintiff,                  )  Department
                                            )
13  v.                                      )  JUDGE JAMES J. DI CESARE
                                            )  DEPT. C18
14  Hartford Life and Accident Insurance    )  COMPLAINT FOR FRAUD,
    Company; Hartford Insurance Company of  )  REFORMATION AND BREACH OF
15  Illinois; Hartford Investment Management)  CONTRACT
    Company; and Does 1 through 10,         )
16  inclusive,                              )
                                            )
17              Defendants.                 )
                                            )
18

19          Plaintiff EAG Properties, LLC alleges as follows:

20                            General Allegations

21          1. Plaintiff EAG Properties, LLC is now, and at all times pertinent to this

22  action has been, a limited liability company duly organized and existing under the laws

23  of the State of California and doing business in Orange County, California.  The sole

24  direct and indirect principals of plaintiff all reside in Orange County.

25          2. Defendant Hartford Life and Accident Insurance Company ("HLAI")

26  is now, and at all times pertinent to this action has been, a corporation organized and

27  existing under the laws of the State of Connecticut and doing business in Orange County,

28  California.

                                        1

COMPLAINT FOR FRAUD, REFORMATION AND BREACH OF CONTRACT

1    3. Plaintiff is informed and believes, and based thereon alleges, that

2 defendant Hartford Insurance Company of Illinois ("HICI") is now, and at all times

3 pertinent to this action has been, a corporation organized and existing under the laws of

4 the State of Illinois and doing business in Orange County, California.

5    4. Defendant Hartford Investment Management Company ("HIMCO" and,

6 collectively with HLAI and HICI, "Lenders") is now, and at all times pertinent to this

7 action has been, a corporation organized and existing under the laws of the State of

8 Delaware and doing business in Orange County, California.

9    5. The true names and capacities, whether individual, corporate, associate

10 or otherwise of the defendants named in this complaint as Does 1 through 10, inclusive,

11 are unknown to plaintiff, who therefore sues those defendants by such fictitious names,

12 and plaintiff will amend this complaint to show their true names and capacities when they

13 have been ascertained.

14    6. Plaintiff is informed and believes, and based thereon alleges, that

15 defendants, and each of them, were, at all times pertinent to this action, the agents,

16 servants and employees of each of the other defendants, and as such were acting within

17 the course and scope of their employment and agency at all times pertinent to this action.

18    7. In 2007 defendants HLAI and HICI made concurrent loans to plaintiff

19 (collectively, the "Loans"), evidenced by two separate promissory notes ("Notes"), both

20 secured by one deed of trust encumbering plaintiff's real property ("Property"), and other

21 loan documents (collectively "Loan Documents").

22    8. Defendant HIMCO acted as agent for Lenders in connection with

23 servicing of the Loans and negotiation of the "DPO Agreement" described below.

24    9. The Loans went into default. Lenders obtained a court order appointing

25 a receiver and requiring court approval for any sale of the Property, whether or not the sale

26 proceeds would be sufficient to repay the Loans in full. Plaintiff vigorously disputed those

27 actions, contending that they were unnecessary, because the fair market value of the

28 Property was well in excess of the Loans balance that Lenders claimed to be due,

2

COMPLAINT FOR FRAUD, REFORMATION AND BREACH OF CONTRACT

1    including prepayment penalties and excessive lender expenses. Plaintiff's contention was

2    true: On August 13, 2009 Lenders notified plaintiff that the total payoff, including full

3    prepayment fees, excessive default interest rates, and excessive and unnecessary Lender

4    expense reimbursements, was $47,254,947, which was significantly less than the fair

5    market value of the Property.

6           10. Plaintiff disputed Lenders' payoff demands and heavy-handed litigation

7    tactics, including seeking appointment of a receiver, since there was no waste,

8    misappropriation or mismanagement, so that appointment of a receiver did nothing but

9    drive up the payoff amounts with needless expenses. Plaintiff commenced negotiations

10   with Lenders for a discounted payoff of the loans ("**Discounted Payoff Amount**"), which

11   would provide much needed cash to plaintiff and its principals and which would resolve

12   the litigation disputes. Plaintiff had previously informed Lenders that:

13          (i) a "fire sale" price for the Property was approximately $52,000,000 and

14          that with an adequate marketing period the selling price for the Property

15          would be much higher;

16          (ii) Plaintiff's principals had a pressing need to sell the Property in a

17          transaction that would generate immediate proceeds sufficient to pay other

18          pressing obligations;

19          (iii) in lieu of fighting various claims with Lenders and marketing the

20          Property for a reasonable time to maximize the sales price, because of

21          plaintiff's principals' urgent cash needs, plaintiff would agree to sell the

22          Property immediately if Lenders would agree to waive prepayment

23          penalties; and

24          (iv) but for that waiver, plaintiff would litigate its disputes with Lender and

25          engage in a reasonable marketing period for selling the Property in order to

26          maximize the sale price rather than accepting a fire sale price.

27   /////

28   /////

3

COMPLAINT FOR FRAUD, REFORMATION AND BREACH OF CONTRACT

1    11.   Lenders conceptually agreed, and so in August 2009 plaintiff

2 commenced negotiating to sell the Property to a third party pursuant to a Property sale

3 agreement.

4    12.   On August 13, 2009 Lenders wrote to plaintiff agreeing to accept a

5 Discounted Payoff Amount of $41,865,880. This amount included 100% of principal,

6 100% of interest at the contract rate, 100% of additional interest at the default rate (5% in

7 excess of the contract rate), 100% of Lenders' claimed reasonable costs and expenses

8 arising from the default, and prepayment penalties of $403,472.

9    13. Plaintiff complained that the Discounted Payoff Amount was too high,

10 but time was running out, so on that basis plaintiff executed an agreement to sell the

11 Property for a sale price of $52,000,000, a contingency period ending August 24, 2009,

12 and a closing date of September 9, 2009, which was required by the buyer. Defendants

13 nonetheless refused to agree to stipulate to vacate the court order prohibiting the sale or

14 to remove the receiver.

15    14. Plaintiff continued to negotiate for a lower Discounted Payoff Amount.

16 As a result, on August 19, 2009 Lenders sent a letter to plaintiff agreeing to reduce the

17 Discounted Payoff Amount by $803,681 to $41,062,199, which amount still included 100%

18 of principal, 100% of the regular interest, and 100% of the default rate interest, plus a

19 compromised amount of defendants' costs. Plaintiff is informed and believes, and based

20 thereon alleges, that defendants did not intend to honor that reduced amount, and, as

21 detailed below, by the closing the Discounted Payoff Amount reverted virtually back to the

22 prior higher amount. Plaintiff is informed and believes, rather, and based thereon alleges,

23 that defendants made such disingenuous reduced Discounted Payoff Amount proposal to

24 lock plaintiff further into a sale from which it could not reasonably extricate itself before

25 defendants reneged on their proposal to accept the lower Discounted Payoff Amount.

26    15. The lower Discounted Payoff Amount was acceptable to plaintiff, and

27 plaintiff requested that Lenders immediately prepare a formal Discounted Payoff and

28 Release Agreement ("**DPO Agreement**") for execution so that the Loans payoff and

4

1   Property sale could be consummated within the deadline set by the Property buyer.
2   Notwithstanding plaintiff's repeated requests that defendants provide the DPO Agreement
3   for plaintiff's review and approval, Lenders remained silent until they finally delivered the
4   initial draft of the DPO Agreement on September 3, 2009, which draft reneged on the
5   August 19, 2009 agreement and instead added back the default interest and prepayment
6   penalties from the August 13, 2009 agreement.  Plaintiff is informed and believes, and
7   based thereon alleges, that Lenders intentionally stalled delivering the initial DPO
8   Agreement, knowing that to delay would render plaintiff incapable of objecting to the
9   increased Discounted Payoff Amount.

10          16.  During the period between Lenders' proposal of the lower Discounted
11   Payoff Amount and their initial draft of the DPO agreement, the buyer of the Property
12   disapproved certain matters relating to the Property sale agreement and renegotiated that
13   agreement, demanding, among other things, a reduction in the sale price.  But for the
14   proposed lower Discounted Payoff Amount, plaintiff had no interest in negotiating a lower
15   price with the buyer of the Property, but in reliance on the proposed lower Discounted
16   Payoff Amount plaintiff renegotiated a lower sale price for the Property and was committed
17   to a lower sale price by the time Lenders reneged on the lower Discounted Payoff Amount.

18          17.  Lenders maintained an iron grip over the process of negotiating the sale
19   of the Property.  Defendants knew that plaintiff's principals were in dire financial straits
20   and needed the net cash from the Property sale immediately but that Lenders' Loans
21   collateral position was well protected with sufficient equity and that, if plaintiff refused to
22   accept the increased Discounted Payoff Amount, plaintiff would default under the Property
23   sale agreement.  An amendment to the Property sale agreement was in negotiation, and
24   Lenders reviewed each draft.  Lenders refused to cause the court order to be vacated,
25   instead holding it over the parties' heads, knowing full well that the sale could not occur
26   without the court order being vacated and that plaintiff would be in default under the sale
27   agreement if plaintiff was unable to close timely due to the court order remaining in place.
28   /////

5

COMPLAINT FOR FRAUD, REFORMATION AND BREACH OF CONTRACT

1   As a result, plaintiff was under economic duress to accept the increased Discounted Payoff

2   Amount and consummate the transactions.

3          18.  On or about September 15, 2009 the DPO Agreement was executed.

4          19.  Plaintiff agreed under duress to the final negotiated Discounted Payoff

5   Amount set forth in the DPO Agreement.  Prior to the closing, Lenders delivered a

6   settlement statement and payoff demand, a true and correct copy of which is attached to

7   this complaint as Exhibit 1.

8          20.  On September 16, 2009 the DPO Agreement and Property sale

9   agreement were consummated concurrently through an escrow in Orange County,

10   California, and escrow delivered the Discounted Payoff Amount to Lenders.

11         21.  Pursuant to the Loans documents, Lenders held plaintiff's funds in trust

12   to pay tax and insurance premiums aggregating $207,353.95 ("**Impounds**").  Lenders had

13   a duty to return the Impounds promptly after the reconveyance of the Property deed of trust

14   on September 16, 2009, and in any event within 30 days thereafter (and Lenders had no

15   good faith reason to hold the Impounds that long).  Civil Code section 2954.1(b) provided

16   that no lender in Lenders' position could:

17          Require the sums maintained in such account to exceed at any time
the amount or amounts reasonably necessary to pay such obligations
18          as they become due.  Any sum held in excess of the reasonable
amount shall be refunded within 30 days . . . .
19

20   Lenders, however, failed to return the Impounds to plaintiff.  Lenders thereby defaulted

21   under the Loan documents, the DPO Agreement and Civil Code section 2954.1(b).

22         22.  Plaintiff timely demanded return of the Impounds, but Lenders refused.

23   On November 13, 2009 Lenders emailed plaintiff, stating: "Note that the DPO Agreement

24   does not provide for return of any funds held in escrow by [loan servicer] at the time the

25   DPO Agreement was signed".  Such statement was untrue.  On the contrary, under the

26   DPO Agreement Lenders agreed to accept the Discounted Payoff Amount "in full and

27   complete satisfaction of all amounts owing by plaintiff under the Notes" [Section 2(c)],

28   and Section 5 provided that all covenants in the Loan Documents that survived repayment

COMPLAINT FOR FRAUD, REFORMATION AND BREACH OF CONTRACT

1   would continue in effect.  Such covenants included the obligation to return unused

2   Impounds.  When Lenders discovered that they had to give plaintiff credit for the

3   Impounds, they hatched a fraudulent scheme to justify an increase in the Discounted

4   Payoff Amount, knowing full well that the Discounted Payoff Amount was a negotiated,

5   final settlement amount.

6           23.  The Discounted Payoff Amount included $195,000 as an estimate

7   toward certain DPO Agreement costs ("Costs").  To the extent such estimates exceeded

8   actual costs ("Excess"), Lenders had a duty to return such Excess in a timely manner.  The

9   actual Costs of $167,379.58 were known to Lenders soon after the September 16, 2009

10  closing, but they did not reimburse the Excess of $27,620.42 as they should have.

11          24.  On December 9, 2009 Lenders emailed plaintiff, claiming that they had

12  made an "administrative error" by failing to include May interest in the heavily negotiated

13  Discounted Payoff Amount finalized September 16, 2009 and that, as a result, Lenders

14  were deducting $198,385.16 from the funds they owed plaintiff.  The amount Lenders

15  should have paid and the amount Lenders actually did pay are as follows:

16          Impounds                          $ 207,353.95
            Excess                              +27,620.42
17                  Due to plaintiff          $ 234,974.37
            May interest                       -198,385.16
18                  Paid 12-10-09             $   36,589.21

19  Thus, whereas Lenders should have paid plaintiff $207,353.95 on or immediately after

20  September 16, 2009 and the Excess of $27,620.42 no later than October 16, 2009, instead

21  they paid plaintiff only $36,589.21 on December 10, 2009.

22          25.  The Discounted Payoff Agreement had been heavily negotiated right

23  up to the September 16, 2009 closing and was a final, agreed, liquidated settlement

24  amount.  Plaintiff had negotiated the amount but finally had to accept Lenders' final

25  increased demand due to the duress caused by Lenders in light of the timing of the

26  Property sale agreement and plaintiff's principals' urgent cash requirements.  DPO

27  Agreement section 2(b)(2) specifies interest of $652,751.20, anticipating a September 9,

28  2009 closing.  On September 14, 2009 Lenders executed and delivered a payoff demand

7

1   specifying the accrued interest portion of the Discounted Payoff Amount at $684,748.82
2   for a closing on September 16, 2009 (the increase being due to the per diem interest
3   accrual during the delay in closing). Other portions of the Discounted Payoff Amount
4   were expressly made subject to post-closing adjustment (see DPO Agreement section
5   2(c)), but accrued interest was not, except to the extent of additional per diem accruals
6   after the anticipated closing of September 9, 2009. Plaintiff had negotiated in settlement
7   a final, liquidated Discounted Payoff Amount, on which Lenders had already reneged
8   once.

9        26.   Pursuant to Civil Code section 2943(a)(6) the DPO Agreement
10  constitutes a "short-pay agreement". Pursuant to Civil code section 2943(a)(7) the payoff
11  demand (Exhibit 1 hereto) constitutes a "short-pay demand statement". Pursuant to Civil
12  Code section 2943(d)(3)(A), plaintiff was entitled to rely on the short-pay demand
13  statement, including the accrued but unpaid interest specified therein, on and after
14  September 16, 2009, the date the Loans payoff occurred and the Property sale agreement
15  closed. Lenders had no legal right to allege "administrative error" in such amounts after
16  September 16, 2009.

17       27.   Lenders had no right to change the Discounted Payoff Amount after
18  closing and payment of the Discounted Payoff Amount "in full and complete satisfaction
19  of all amounts owing by plaintiff under the Notes". The Notes were satisfied in full, and
20  Lenders had no right to collect additional interest.  Lenders also had no right to use
21  Impounds for any purpose other than the payment of taxes and insurance premiums and
22  could not use Borrower's impounds to pay additional interest. Lenders' "administrative
23  error" was unilateral; plaintiff made no such error. Plaintiff agreed to a fixed liquidated
24  settlement sum and paid it.

25              First Cause of Action for Fraud Against All Defendants

26       28.   Plaintiff hereby incorporates by this reference the allegations of
27  paragraphs 1 through 27 of this complaint as though fully set forth.

28  /////

8

29. In proposing a reduced Discounted Payoff Amount of $41,062,199 on August 19, 2009, defendants did not intend to perform so as to allow plaintiff to pay such reduced Discounted Payoff Amount. Defendants, rather, knew that plaintiff's principals were under great pressure to generate cash for other pressing needs, and by offering such reduced Discounted Payoff Amount defendants intended to induce plaintiff to continue pursuing the Property sale agreement at a fire sale price rather than litigating disputes with Lenders in order to generate a higher fair market price.

30. The buyer thereafter disapproved the sale during the contingency period, but, in reliance on the reduced DPO Amount, plaintiff commenced negotiating a Property sale agreement amendment, which ultimately included a price reduction. Defendants controlled the entire amendment process, all the while delaying finalization of the DPO Agreement, and then finally delivered the initial DPO Agreement that added back the default interest and prepayment penalties that they had agreed to eliminate in the August 19, 2009 Discounted Payoff Amount, knowing full well that, given the delay, plaintiff had no practical choice but to accept them.

31. Defendants made the August 19, 2009 Discounted Payoff Amount offer knowing full well that they intended to delay delivery of the DPO Agreement in which they would demand a higher amount, knowing that plaintiff would no longer be in a position to object.

32. As a legal result thereof, plaintiff is entitled to damages in the amount of $680,861 (the difference between the August 19, 2009 Discounted Payoff Amount and the DPO Agreement payoff amount, less accrued interest due to delay in the Property sale closing), together with interest thereon at the legal rate.

33. Defendants also entered into the DPO Agreement without intending to perform it as agreed, in that they did not intend to return the Impounds to plaintiff as required by law or to be bound by the payoff figure in the DPO Agreement but instead intended to retain the Impounds in violation of law and to recover additional money from the Impounds over and above what the DPO Agreement provided.

9

COMPLAINT FOR FRAUD, REFORMATION AND BREACH OF CONTRACT

34.   Plaintiff, however, relied on defendants' promises in the DPO Agreement by entering into it with defendants, expecting defendants to perform as agreed, and in consummating the Property sale agreement.

35.   Defendants thereafter made the claims on December 9, 2009 regarding the "administrative error" of May interest accrual knowing that there was no "administrative error" or that, if there was, it was negligent and unilateral; that the Discounted Payoff Amount was a final, liquidated settlement amount; and that defendants had no right to claim such amount or to deduct it from Impounds.

36.   As a legal result of defendants' actions as alleged in entering into the DPO Agreement but thereafter improperly deducting additional money from the Impounds, plaintiff has been damaged in the amount of $198,385.16, together with interest thereon at the legal rate.

37.   Defendants engaged in the conduct alleged with conscious disregard of plaintiff's rights and with the intent to vex, injure, or annoy plaintiff so as to constitute oppression, fraud, or malice, entitling plaintiff to recover punitive damages in a sum to be determined at trial.

### Second Cause of Action for Reformation Against All Defendants

38.   Plaintiff hereby incorporates by this reference the allegations of paragraphs 1 through 20 and 29 through 31 of this complaint, as though fully set forth.

39.   Plaintiff reasonably and detrimentally relied on defendants' agreement on August 19, 2010 to reduce the Discounted Payoff Amount to $41,062,199 as alleged.

40.   As a legal result of defendants' conduct as alleged, the DPO Agreement should be revised and reformed to reduce the Discounted Payoff Amount to $41,062,199. Plaintiff should therefore be refunded the amount of $680,861 (the difference between the August 19, 2009 Discounted Payoff Amount and the DPO Agreement payoff amount, less accrued interest due to delay in the Property sale closing), together with interest thereon at the legal rate, in accordance with the DPO Agreement as revised and reformed.

/////

10

1            <u>Third Cause of Action for Breach of Contract Against All Defendants</u>

2                  41.     Plaintiff hereby incorporates by this reference the allegations of

3 paragraphs 1 through 9 and 20 through 27 of this complaint, as though fully set forth.

4                  42.     Such acts and omissions constitute a breach of the Loan Documents

5 and the DPO Agreement. As a legal result thereof, plaintiff is entitled to damages in the

6 amount of $198,385.16, together with interest thereon at the legal rate from the date such

7 amount was due.

8

9                  Wherefore, plaintiff prays for judgment against defendants, and each of

10 them, as follows:

11                  A. On the first cause of action, for judgment against defendants, and each

12 of them, for compensatory damages in the amounts of $680,861 and $198,385.16 and

13 interest on such amounts at the legal rate, together with punitive damages;

14                  B. On the second cause of action, for judgment against defendants, and

15 each of them, for reformation and refund to plaintiff of $680,861, together with interest

16 on such amount at the legal rate;

17                  C. On the third cause of action, for judgment against defendants, and each

18 of them, for damages in the amount of $198,385.16, together with interest on such amount

19 at the legal rate;

20                  D. For attorney's fees incurred by plaintiff to the extent provided by law;

21                  E. For court costs incurred by plaintiff; and

22                  F. For such other and further relief as this Court deems proper.

23

24         Date: September 20, 2010

25                      COONTZ & MATTHEWS LLP

26

27                      By: _____
                              M. Stephen Coontz

28                        Attorneys for Plaintiff EAG Properties, LLC

11

# EXHIBIT

HARTFORD INVESTMENT MANAGEMENT COMPANY
55 Farmington Ave
Hartford, Connecticut 06105

September 14, 2009

First American Title Insurance Company
5 First American Way
Santa Ana, CA 92707

Attention:   Dawn Niehaus
             Jimmy Moreda

Re:   Payoff Demand – Loans from Hartford Life and Accident Insurance Company
      ("HLAIC") and Hartford Insurance Company of Illinois ("HICI") to EAG
      Properties, LLC

Ladies and Gentlemen:

This letter is submitted as a payoff demand for the captioned loans (together, the
"Loans"). This demand is based on interest paid to, but excluding, September 16, 2009.

Note A — HLAIC

| | |
|---|---|
| Principal Balance | $14,468,436.94 |
| Contract Interest | $ 245,549.48 |
| Default Interest | $ 121,776.01 |
| Prepayment Premium | $ 144,684.37 |
| Document Processing/Release Fee | $ 52.00 |
| UCC Termination Fee | $ 7.17 |

Total Amount Due through (and including) 9/15/09 $14,980,505.97

Note B — HICI

| | |
|---|---|
| Principal Balance | $25,878,809.58 |
| Contract Interest | $ 439,199.34 |
| Default Interest | $ 217,813.32 |
| Prepayment Premium | $ 258,788.10 |
| Document Processing/Release Fee | $ 93.00 |
| UCC Termination Fee | $ 12.83 |

Total Amount Due through (and including) 9/15/09 $26,794,716.17

WE HAVE READ AND HEREBY
APPROVE THE FOLLOWING:

By: _____

By: _____

1972280_5

Exhibit 1

E&G – First American Payoff Demand
September 14, 2009
Page 2

Upon receipt in immediately available funds of the amounts specified above, the above captioned loans will be deemed satisfied in accordance with the terms of that certain Discounted Payoff and Release Agreement dated as of September 8, 2009. All funds must be received by 5 pm (Central time) on September 14, 2009. HLAIC and HILI reserve the right to recalculate the total amounts due if funds are received after 5 pm (Central time) on September 14, 2009.    *16

Please remit the total amounts due pursuant to the following wire transfer instructions:

PNC Bank N.A.
Bank ID # 043 000 096
Account # 1006967647
Attn: Midland Loan Services, Inc.
Reference: 770000275
620 Liberty Avenue
Two PNC Plaza
Pittsburgh, PA 15222

Please contact Frank Appicelli of Bingham at 860-240-2984 if you have any questions.

Sincerely,

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

By:    Hartford Investment Management Company,
       Its Agent and Attorney-in-Fact

       By:    _____
              Steven G. Kalmin
              Senior Vice President

HARTFORD INSURANCE COMPANY OF ILLINOIS

By:    Hartford Investment Management Company,
       Its Agent and Attorney-in-Fact

       By:    _____
              Steven G. Kalmin
              Senior Vice President

1912286_1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** HARTFORD LIFE AND ACCIDENT INSURANCE
*(AVISO AL DEMANDADO):* COMPANY; HARTFORD INSURANCE
COMPANY OF ILLINOIS; HARTFORD INVESTMENT MANAGEMENT
COMPANY; and Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** EAG PROPERTIES, LLC
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 21 2010

ALAN CARLSON, Clerk of the Court

BY S. HERRERA-WILSON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Orange
700 Civic Center Drive West
Santa Ana, California 92701

CASE NUMBER
*(Número del Caso):*
30-2010
00409918

JUDGE JAMES J. DICESARE
DEPT. C18

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Coontz & Matthews LLP
30448 Ranch Viejo Road, Suite 120, San Juan Capistrano, CA 92675
(949) 240-3040

DATE: SEP 21 2010    ALAN CARLSON    Clerk, by _____ , Deputy
*(Fecha)*    *(Secretario)*    SONYA HERRERA-WILSON    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
prodoc®

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

M. Stephen Coontz                    SBN: 47614
Coontz & Matthews LLP                e-mail: steve@coontzmatthews.com
30448 Ranch Viejo Road, Suite 120, San Juan Capistrano, CA 92675
TELEPHONE NO.: (949) 240-3040    FAX NO.: (949) 240-7540
ATTORNEY FOR (Name): EAG Properties, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 21 2010

ALAN CARLSON, Clerk of the Court
BY S. HERRERA-WILSON

CASE NAME: EAG PROPERTIES, LLC v. HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | 30-2010 00409918 |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE: JUDGE JAMES J. DI CESARE
DEPT. C18

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): three
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 19, 2010

M. Stephen Coontz
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**   ProDoc®

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# SUPERIOR COURT OF CALIFORNIA

ORANGE

700 W. Civic Center DRIVE

Santa Ana , CA 92702

(657) 622-6878

www.occourts.org

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2010-00409918-CU-BC-CJC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.<br>    James J. Di Cesare | Central Justice Center | C18 | (657) 622-6878 |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
    - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
    - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date: 09/21/2010

Sonya Herrera-Wilson , Deputy Clerk

## NOTICE OF CASE ASSIGNMENT

V3 INIT 100 (June 2004)



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

Superior Court of California, County of Orange

700 W. Civic Center Drive
Santa Ana, CA 92702

## PAYMENT RECEIPT

Receipt #: 10556384

Clerk ID: swilson    Transaction No: 10732492    Transaction Date: 09/21/2010    Transaction Time: 12:42:13 PM

| Case Number | Fee Type | Qty | Fee Amount | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2010-00409918-CU-BC-CJC | 133- Complaint or other 1st paper | 1 | $355.00 | $355.00 | $355.00 | $0.00 |

| | | |
|---|---|---|
| Sales Tax: | $0.00 | |
| Total: | $355.00 | Total Rem. Bal: $0.00 |

Check Number(s): 13657

| | |
|---|---|
| Check: | $355.00 |
| Total Amount Tendered: | $355.00 |
| Change Due: | $0.00 |
| Balance: | $0.00 |

$25 will be charged for each returned check. www.occourts.org

## ORIGINAL

Page: 1

PROOF OF SERVICE

1

2          I am over 18 years of age, not a party to this action and employed in the County

3  of Los Angeles, California at The Water Garden, Fourth Floor, North Tower, 1620 26th Street,

4  Santa Monica, California  90404-4060.  I am readily familiar with the practice of this office for

5  collection and processing of correspondence for mailing with the United States Postal Service

6  and correspondence is deposited with the United States Postal Service that same day in the

7  ordinary course of business.

8          Today I served the attached:

9          **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C.**

10          **SECT5IONS 1332 AND 1441**

11  by causing a true and correct copy of the above to be placed in the United States Mail at Santa

12  Monica, California in sealed envelope(s) with postage prepaid, addressed as follows:

13

14          Coontz & Matthews LLP

             M. Stephen Coontz

15          Milburn A. Matthews

             30448 Rancho Viejo Road, Suite 120

16          San Juan Capistrano, CA 92675

17          I declare that I am employed in the office of a member of the bar of this court at

18  whose direction the service was made and that this declaration was executed on November 4,

19  2010.

20

21

22                                  Donna McGee

23

24

25

26

27

28

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1701 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_]  **Western Division**
     312 N. Spring St., Rm. G-8
     Los Angeles, CA 90012

[X]  **Southern Division**
     411 West Fourth St., Rm. 1-053
     Santa Ana, CA 92701-4516

[_]  **Eastern Division**
     3470 Twelfth St., Rm. 134
     Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

EAG Properties, LLC

**DEFENDANTS**

Hartford Life and Accident Insurance Company
Hartford Insurance Company of Illinois
Hartford Investment Management Company

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

COONTZ & MATTHEWS LLP,
I. Stephen Coontz (SBN 47614)
lilburn A. Matthews (SBN 106036)
3448 Rancho Viejo Road, Suite 120
an Juan Capistrano, CA 92675
elephone: (949) 240-3040

Attorneys (If Known)
BINGHAM McCUTCHEN LLP
Stacy W. Harrison (SBN 175028)
Patrick Allen (SBN 245670)
1620 26th Street, Fourth Floor, North Tower, Santa Monica, CA 90404
Telephone: (310) 907-1000;  Facsimile: (310) 907-2000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT: $**  In excess of $879,246.16

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

(1) Fraud, (2) Reformation and (3) Breach of Contract.  Diversity Jurisdiction pursuant to 28 U.S.C. § 1332(a).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☒ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R.& Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities -- Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions |  |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land |  |  |  | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

**SACV10-1701 AG(RNBx)**

FOR OFFICE USE ONLY:     Case Number:

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
     ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
     ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
     ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Connecticut, Illinois, Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 11/4/2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

PROOF OF SERVICE

1

2            I am over 18 years of age, not a party to this action and employed in the County

3    of Los Angeles, California at The Water Garden, Fourth Floor, North Tower, 1620 26th Street,

4    Santa Monica, California  90404-4060.  I am readily familiar with the practice of this office for

5    collection and processing of correspondence for mailing with the United States Postal Service

6    and correspondence is deposited with the United States Postal Service that same day in the

7    ordinary course of business.

8            Today I served the attached:

9    **CIVIL COVER SHEET**

10   by causing a true and correct copy of the above to be placed in the United States Mail at Santa

11   Monica, California in sealed envelope(s) with postage prepaid, addressed as follows:

12

13           Coontz & Matthews LLP
             M. Stephen Coontz
14           Milburn A. Matthews
             30448 Rancho Viejo Road, Suite 120
15           San Juan Capistrano, CA 92675

16           I declare that I am employed in the office of a member of the bar of this court at

17   whose direction the service was made and that this declaration was executed on November 4,

18   2010.

19

20

21                                          Donna McGee

22

23

24

25

26

27

28

1

A/73551443.1/3000391-0000339806